UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO GIBSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, NOT IN ITS | § | No. 3:26-CV-1492-X-BK |
| INDIVIDUAL CAPACITY BUT | § | |
| SOLELY AS TRUSTEE OF LSF9 | § | |
| MASTER PARTICIPATION TRUST | § | |
| AND FAY SERVICING, L.L.C., its | § | |
| successors and/or assigns, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") in this case. (Doc. 12). Plaintiff Antonion Gibson filed an objection. (Doc. 13). The Court must conduct a *de novo* review of the portions of the FCR to which an objection was made.[1] After conducting a *de novo* review of the objected-to portions of the FCR, the Court **OVERRULES** all objections. The Court reviewed the remaining portions of the FCR for plain error and found none.

Dispositively, the FCR correctly notes that "[b]ecause Gibson failed to respond to the motion to dismiss, he is deemed to have abandoned his claims."[2] Fifth Circuit precedent is clear: a pro se plaintiff's failure to defend claims beyond listing them in

[1] 28 U.S.C. § 636(b)(1).

[2] Doc. 12 at 7.

a complaint abandons them.[3] Gibson's failure to respond to U.S. Bank's motion to dismiss abandoned his claims. None of Gibson's objections to the Magistrate Judge's FCR resurrect it. And Gibson's pro se status cannot save him; pro se parties are not exempt from the requirement to adequately brief issues.[4] Therefore, the Court declines to reach Gibson's precluded objections.[5]

Having conducted a *de novo* review of the objected-to portions of the FCR, and finding no error, the Court therefore **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Accordingly, the Court **GRANTS** U.S. Bank's Motion to Dismiss (Doc. 8). The Court **DISMISSES WITH PREJUDICE** Gibson's claims against all Defendants. As no claims will remain, the Clerk of the Court should be directed to close this case.

**IT IS SO ORDERED** this 10th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[3] *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that a plaintiff who "failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss" abandoned her claim); *Burke v. Ocwen Loan Servicing, LLC*, 855 F. App'x 180, 184 (5th Cir. 2021) (holding that a pro se party's "complete lack of any opposition to [the defendant's] motion to dismiss on the basis of *res judicata* in the district court forfeits their challenge on appeal to the court's granting of that motion").

[4] *See Burke*, 855 F. App'x at 184.

[5] The Court also notes but denies U.S. Bank's request to designate Gibson a vexatious litigant. The Court is dismissing Gibson's claims with prejudice, and it does not find that his unsuccessful lawsuits rise to the level of harassment.